IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

ANNETTE WILLIAMS,

      Plaintiff,

vs.

SENTRY DATA SYSTEMS, INC.
a Florida Profit Corporation,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, ANNETTE WILLIAMS, sues Defendant, SENTRY DATA SYSTEMS, INC., and shows:

### Introduction

1.      This is an action by ANNETTE WILLIAMS against her former employer for violating the Family Medical Leave Act (FMLA) by interfering with her rights to leave because she has a serious health condition. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2.      This action arises under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601, *et. seq.* The Court has jurisdiction over the claims pursuant to 29 U.S.C. §§1331 and 29 U.S.C. §2617.

3.      Venue is proper in the Southern District of Florida, as the claims arose in Broward County, Florida.

### Parties

4.      Plaintiff, ANNETTE WILLIAMS (hereinafter "Plaintiff" or "WILLIAMS"), was at all times material an employee of SENTRY DATA SYSTEMS, INC. (hereinafter, "SENTRY").

1

WILLIAMS was an "eligible employee" as defined by 29 USC § 2611(2), in that she was employed for at least twelve months by the Defendant and worked at least 1250 hours during the 12-month period prior to her exercising her rights under the FMLA.  In addition, Plaintiff was employed at a location where Defendant employed more than 50 employees within 75 miles of the worksite.

5.      Defendant, SENTRY, is a Florida profit corporation with its principal place of business in Broward County, Florida and was an employer as defined by the FMLA.

## General Allegations

6.      Plaintiff was employed by Defendant as a commercial pricing analyst from October 2017 to January 2020.

7.      At all relevant times, Plaintiff has suffered from diabetes, requiring recurring visits to primary care physicians and ophthalmologists.

8.      At all relevant times, Plaintiff's direct supervisor, Christopher Coppola, was aware of Plaintiff's diabetes.

9.      Under the FMLA, diabetes is expressly listed as a condition that may cause episodic incapacity. This, in turn, qualifies diabetes as a condition needing continuing treatment by a health care provider. This, in turn, qualifies diabetes as a serious health condition, which entitles Plaintiff to request time off under the FMLA.

10.     On November 7, 2019, Plaintiff was scheduled for a doctor's appointment. She requested the simple accommodation of working from home in order to more easily attend the appointment. Her request was denied, and Plaintiff was required to reschedule that doctor's appointment. Plaintiff sent an email to the Human Resources Business Partner, Jessica Ayers, memorializing the denial of her request and officially complaining that she was being discriminated and retaliated against, yet nothing was done.

11.     On December 19, 2019, Plaintiff sent Mr. Coppola a text message informing him that

she would be a little late to the office due to an eye doctor appointment. Plaintiff received no response from Mr. Coppola.

12.     In retaliation for seeking to exercise her rights under the FMLA, Plaintiff was terminated on January 6, 2020. Due to the holiday season, Plaintiff's termination occurred just a few business days after she informed her supervisor that she needed to be late due to the eye doctor appointment. This termination also occurred alarmingly close to her request for an accommodation to work from home in November of 2019 and subsequent official complaint of discrimination and retaliation.

13.     SENTRY has retaliated against Plaintiff, interfered with Plaintiff's FMLA rights, and discriminated against Plaintiff.

## Count I: FMLA Interference & Retaliation by SENTRY

14.     Plaintiff realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 to 13 above.

15.     Among the substantive rights granted by the FMLA to eligible employees are the right to "12 workweeks of leave during any 12- month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

16.     WILLIAMS was entitled to leave under the FMLA pursuant to 29 U.S.C. § 2612(a)(1)(D) because her diabetes qualifies as a serious health condition.

17.     By denying WILLIAMS her requested leave to attend physician appointments, Defendant denied or otherwise interfered with her substantive rights under the FMLA, 29 U.S.C. §§ 2615(a)(1).

18.     By terminating Plaintiff for exercising and/or attempting to exercise her rights under the FMLA, SENTRY retaliated against Plaintiff for engaging in activity protected by the FMLA, 29

U.S.C. §§ 2615(a)(1) & (2).

WHEREFORE, Plaintiff prays that this Court will grant judgment:

      a.      finding Defendant's actions toward WILLIAMS to be violative of her rights under the FMLA;

      b.      awarding WILLIAMS payment of all back wages and lost benefits found by the Court to be due under the FMLA;

      c.      awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

      d.      awarding WILLIAMS front pay for future wages lost due to her unlawful termination;

      e.      granting such other and further relief as is just; and,

      f.      awarding Plaintiff her costs, including a reasonable attorney's fee.

## JURY DEMAND

Plaintiff demands trial by jury on all counts so triable.

Dated: July 20, 2020
Plantation, Florida

Respectfully submitted,

*/s/Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
James A. Peterson, Esq. (Fla Bar No. 645621)
E-Mail: james@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for Plaintiff WILLIAMS